```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

   ALICE M. CARR                  :    CIVIL ACTION
                                  :
               v.                 :
                                  :
   ABINGTON MEMORIAL HOSPITAL,    :    NO. 23-1822
   et al.                         :
```

MEMORANDUM

Bartle, J.                                      November 28, 2023

       Plaintiff Alice M. Carr brings various claims relating to unpaid pension benefits pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. She has sued defendants Abington Memorial Hospital ("AMH"), Pension Plan of Abington Memorial Hospital ("AMH Plan"), Jefferson Defined Benefit Plan ("Jefferson Plan"), and Thomas Jefferson University ("Jefferson").[1]  Before the court is the motion of defendants to dismiss certain claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I

       When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true

---

1. On August 28, 2023, all claims against Boston Safe Deposit and Trust Company were dismissed without prejudice by stipulation (Doc. # 18).

all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  The court may also consider "exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

     Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint need not include "detailed factual allegations," but it must state "more than labels and conclusions" and must provide "enough [factual allegations] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiffs must "nudge[] their claims across the line from conceivable to plausible."  Id. at 570.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

II

Ms. Carr worked in various capacities at AMH, including as a staff nurse and clinical instructor at its Dixon School of Nursing, from January 13, 1997 through April 29, 2013. She sued defendants under ERISA to recover benefits due to her under the terms of the Pension Plan of Abington Memorial Hospital, which merged into the Jefferson Defined Benefit Plan in 2018.  Ms. Carr was paid by the hour.

On December 15, 2009, Christine Tierney, the Director of Employment and Compensation at AMH, informed Ms. Carr that any hours she worked as a clinical instructor would "count towards [her] pension."  Effective May 23, 2010, Ms. Carr's employment status changed from part-time to full-time.  Ms. Carr was injured while working at AMH on May 23, 2012 and was unable to return to work.  AMH ultimately terminated her on April 29, 2013.

Under the AMH Plan, employees earned one year of vesting service for any calendar year in which they worked 1,000 or more hours for AMH.  After completing five years of vesting service, an employee became completely vested.  The AMH Plan also provided for early retirement benefits for employees with

fifteen years of vesting service. Ms. Carr does not allege she is eligible to receive early retirement benefits.

As an employee of AMH, she was an eligible participant in the AMH Plan and received annual benefit statements during her seventeen years at the hospital from Francis J. Cummings, Director of Corporate Benefits at AMH. She also discussed her vesting status with multiple representatives of AMH. For example, on May 23, 2010, Linda Colflesh, Benefits Coordinator of AMH, informed Ms. Carr that she had accrued four years of qualifying service toward her pension benefits.

The last pension benefit statement that Ms. Carr received was dated May 31, 2011. It detailed her estimated monthly pension benefits as accrued through January 1, 2011.

Over ten years later, on October 31, 2021, Ms. Carr's attorney requested the Summary Plan Description and the AMH Plan documents from David Levin and Francis J. Cummings, AMH Plan Administrators. As the AMH Plan had already merged into the Jefferson Plan, they did not respond. After Ms. Carr attempted to reach these individuals on multiple occasions, John Parkinson, Director of Retirement at Jefferson and Jefferson Health, responded to Ms. Carr's request on December 22, 2021. At that point, he provided the Summary Plan Description for the AMH Plan. However, he declined to provide Ms. Carr with a pension benefit statement on the ground that Ms. Carr did not

have a vested pension benefit. On January 5, 2022, Mr. Parkinson did supply her with a Vesting Summary. The summary, based on Jefferson's records, showed that Ms. Carr had not accrued enough service years to receive benefits. While she worked more than 1,000 hours in four service years, she only worked 950 hours in 1997. Neither Mr. Parkinson nor Jefferson handed over additional personnel or wage records supporting this calculation.

Thereafter, Ms. Carr submitted a claim for retirement benefits. Gregory Stoner, Jefferson claims administrator, responded to Ms. Carr's claim on July 5, 2022. He also concluded that Ms. Carr did not have five years of vested service and thus did not qualify for pension benefits.

Ms. Carr appealed this administrative denial of her benefit claim and reiterated her request for "all information necessary to determine [her] eligibility for benefits." On November 15, 2022, Mr. Stoner denied Ms. Carr's benefit appeal. Again, he concluded that she only accrued four vested service years (in 2003, 2010, 2011, and 2012). This determination did not contain any documents concerning whether Ms. Carr received any premium pay or bonuses. According to the complaint, the appeals fiduciary did not have access to her detailed payroll records from 1997.

Based on the totals calculated by Ms. Carr, she alleges she worked 1,009 hours in 1997, qualifying 1997 as a "service year." If she is correct, she is fully vested in the Jefferson Plan, into which the AMH Plan had merged.

### III

In Count I, Ms. Carr sued all defendants under ERISA Section 502(a)(1)(B) to "recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." AMH and the AMH Plan moved to dismiss this claim against them.

Section 502 claims may only be brought against the plan itself, or the person responsible for the plan's administration. 29 U.S.C. § 1132(a)(1)(B). An employer is responsible for a benefit plan's administration when the employer has the discretion to make benefit determinations under the relevant plan. Evans v. Emp. Benefit Plan, Camp Dresser & McKee, Inc., 311 F. App'x 556, 558-59 (3d Cir. 2009).

AMH, of course, is not the plan. Nor does Ms. Carr allege that AMH, as her previous employer, had any discretion to deny her benefits or determine her eligibility. Thus, her claim in Count I against AMH will be dismissed.

Similarly, Ms. Carr fails to allege a claim against the AMH Plan. Ms. Carr avers that the AMH Plan merged into the

Jefferson Plan in 2018. She did not seek benefits until late 2021. Accordingly, the AMH Plan, which no longer exists as a separate entity, had no role in the denial of her benefits. The claim against AMH Plan in Count I will also be dismissed.

IV

In Count II, Ms. Carr, as a plan participant, alleges that all defendants failed to provide plan documents upon her written request, thereby violating Section 105(a)(1)(B)(ii) of ERISA, which requires an "administrator of a defined benefit plan" to "furnish a pension benefit statement" to participants "upon written request." 29 U.S.C. § 1025(a)(1)(B)(ii). Ms. Carr maintains that this failure to comply with her request may make the defendants, in the court's discretion, personally liable to her for up to $100 per day. 29 U.S.C. § 1132(c)(1). All defendants moved to dismiss this claim.

Section 105(a)(1)(B)(ii) applies only to benefit plan administrators. Levesque v. Kemper Nat'l Servs., Inc., Civ. A. No. 04-4143, 2006 WL 1686624, at *1 (E.D. Pa. June 14, 2006). Ms. Carr does not allege that AMH Plan and Jefferson Plan are benefit plan administrators. Count II will be dismissed as to them.

Ms. Carr first requested the documentation on October 31, 2021, when Jefferson was the administrator for the Jefferson Plan, into which the AMH Plan had previously merged. Therefore,

-7-

AMH was not the plan administrator responsible for the failure to provide Ms. Carr with documents. Therefore, the claim as pleaded against AMH in Count II will be dismissed.

Ms. Carr sufficiently alleges Jefferson violated Section 105(a)(1)(B)(ii) based on Jefferson's failure to provide a benefit statement or an accounting of her annual service hours. Upon request, plan administrators are required to provide an accounting based on the "latest available information" to the plan participant. Section 105 requires requests for accounting in addition to pension benefit statements because beneficiaries with "pressing need[s] for an accounting at a significant time, such as upon termination of employment, disability, or vesting, is unable to receive it upon a request, his or her financial planning would be impaired[.]" See Barrowclough v. Kidder, Peabody & Co., Inc., 752 F.2d 923 (3d Cir. 1985), overruled on other grounds by, Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110 (3d Cir. 1993). As more than thirty days have elapsed since Ms. Carr's initial request for a pension benefit statement on October 31, 2021, she adequately alleges a violation of Section 105(a)(1)(B)(ii).

The court must decide whether Ms. Carr properly alleges a claim for a penalty under Section 502 of ERISA for failure to provide her with documentation. When an

administrator fails to meet the requirements of Section 105(a) within thirty days of such request, the court has the discretion under Section 502 of ERISA to make the administrator personally liable and award such other relief as it deems proper.  29 U.S.C. 1132(c)(1).

In Groves v. Modified Retirement Plan for Hourly Paid Employees of the Johns Manville Corp. & Subsidiaries, our Court of Appeals held that when a subsection of ERISA imposes liability on the plan, rather than the plan administrator, penalties under Section 502 are not appropriate.  803 F.2d 109, 118 (3d Cir. 1986).  This "narrow construction" of Section 502 requires that penalties only be imposed on the plan administrator when the plan administrator, rather than the plan itself, was obligated to comply with the relevant statute.  Id. In this case, there is congruence: Section 105 imposes an obligation on plan administrators, and the penalty provision permits the court to impose penalties on plan administrators.

Defendants cite Kollman v. Hewitt Associates, LLC for the proposition that the penalty provision, Section 502(c)(1), should be construed narrowly and not permit penalties for a failure to provide documents.  487 F.3d 139, 144-45 (3d Cir. 2007).  That case concerned a violation of Section 104, which is similar to Section 105 in that both sections require a plan administrator to provide certain documentation to participants

upon request.  However, that case determined that a penalty was inappropriate at summary judgment because the plaintiff, in seeking documents, had not made a sufficiently specific request for information to the plan administrator.  Id. at 145.  Similarly, violations of Section 105 may result in the imposition of penalties provided there is evidence of a clear request to a plan administrator.  See Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan, 24 F.3d 1491, 1505-06 (3d Cir. 1994).

At this stage, Ms. Carr sufficiently alleges she made a specific request for an accounting from Jefferson, the plan administrator.  Therefore, she has successfully alleged a violation of Section 105 against Jefferson.  The court has the discretion to impose a penalty.  See, e.g., Hemphill v. Estate of Rskamp, 619 F. Supp. 2d 954, 977 (E.D. Cal. 2008).  Whether or not a penalty should be imposed is not now before the court.

Count II will be dismissed as to defendants AMH, AMH Plan, and Jefferson Plan.  The motion to dismiss Count II as to Jefferson will be denied.

V

Ms. Carr alleges in Count III under Section 502(a)(3) of ERISA that all defendants breached their fiduciary duty to her by misrepresenting her vesting status.  Section 502(a)(3) empowers a participant to seek to enjoin practices or "obtain

other appropriate equitable relief" to redress violations of ERISA or enforce any provision within that subchapter of ERISA. 29 U.S.C. § 1132(a)(3). Ms. Carr requests the court enjoin defendants from denying her maximum retirement benefits as due to her under the Jefferson Plan, award her make-whole damages plus interest and surcharge, disgorge Jefferson Plan profits for their failure to pay Ms. Carr's benefits. As with other counts, she also seeks an award of her costs and attorney's fees. All defendants moved to dismiss this claim as merely a claim for damages.

A breach of fiduciary duty occurs when an ERISA fiduciary makes a material misrepresentation on which a plaintiff detrimentally relies. Burstein v. Ret. Acct. Plan for Emps. of Allegheny Health, Educ., and Rsch. Found., 334 F.3d 365, 384 (3d Cir. 2003). Persons or entities are ERISA fiduciaries only to the extent that they possess discretionary authority or responsibility in administering the plan. Id. (citing Varity Corp. v. Howe, 516 U.S. 489, 527 (1996)).

Ms. Carr does not allege that the AMH Plan or the Jefferson Plan made misrepresentations or omissions regarding her benefits. Therefore, Count III will be dismissed as to the two plans.

All defendants claim that dismissal is appropriate at the motion to dismiss stage, and they cite Varity Corp. v. Howe

-11-

for the proposition that Ms. Carr is precluded from pleading both a claim for monetary relief under Section 502(a)(1)(B) and a claim for equitable relief under Section 502(a)(3).  516 U.S. at 489.  Varity does not support defendants' position.  It was not decided on a motion to dismiss, but rather at the summary judgment stage.[2]  Moreover, Varity does not preclude a claim for equitable relief to the extent that the remedy sought is equitable and separable from a Section 502(a)(1)(B) claim for damages.  516 U.S. at 512.

Genomind, Inc. v. UnitedHealth Group Inc., Civ. A. No. 21-373, 2021 WL 3929723 (E.D. Pa. Sept. 1, 2021) is instructive.  In that case, the court held the plaintiff's claim for injunctive relief for breach of fiduciary duty was distinct from a claim for failure to pay plan benefits.  Id. at *5.  The plaintiff sought an order requiring UnitedHealth to: (1) issue timely explanations of benefits, (2) identify specific reasons behind an adverse benefits determination, (3) reference the

---

2.  Defendants also cite Central States, Southeast & Southwest Areas Health & Welfare Fund v. Bollinger, Inc. for the proposition that dismissal of a Section 502(a)(3) claim may occur for this reason on a motion to dismiss.  573 F. App'x 197 (3d Cir. 2014).  However, that case is not analogous to Ms. Carr's complaint.  In Central States, the court dismissed the Section 502(a)(3) claim because the plaintiff could not adequately allege an agreement between the plaintiff and the defendant.  Id. at 203.  Here, Ms. Carr alleges an agreement between her and the defendants: a pension plan.  As Ms. Carr has sufficiently alleged such an agreement, Central States does not control.

specific plan provisions supporting adverse benefit decisions, (4) describe any additional information required to perfect a claim, and (5) inform participants of their right to bring a civil action under ERISA.  Id.

   Here, Ms. Carr's claim for injunctive relief is a claim for her pension benefits dressed in the cloak of equity.  The requested relief simply focuses on resolving Ms. Carr's adverse benefits determination.  As this claim is indistinguishable from a claim for monetary relief under Section 501(a)(1)(B), Ms. Carr has not adequately pleaded a claim for equitable relief.  See Post v. Hartford Life and Accident Ins. Co., Civ. A. No. 02-1917, 2002 WL 31741470, at *3 (E.D. Pa. Dec. 6, 2002).  Thus, Count III will be dismissed as to all parties.