IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICE CARR | : | CIVIL ACTION |
| v. | : | |
| ABINGTON MEMORIAL HOSPITAL, et al. | : | NO. 23-1822 |

MEMORANDUM

Bartle, J.                                                June 17, 2024

      Before the court is the motion of plaintiff Alice Carr to Strike Defendants' Untimely Answer to Complaint (Doc. # 48).

      On May 12, 2023, plaintiff filed this action against several defendants, including Jefferson Defined Benefit Plan and Thomas Jefferson University (collectively, "Jefferson"). Carr alleges she is due pension benefits under the Jefferson Define Benefit Plan pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), and that Jefferson, as the administrator for the Jefferson Plan, withheld documents from her in violation of Section 502(c)(1) of the ERISA, 29 U.S.C. § 1132(c)(1).

      Instead of filing an answer, Jefferson timely moved to dismiss the complaint in part. The Court granted the motion in part on November 28, 2023. Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, defendants' answer was due fourteen days later, on December 12, 2023. No answer was timely filed.

The Court held a Rule 16 conference on December 6. 2023. In accordance with the agreement reached at the conference, the Court entered a scheduling order (Doc. # 26), setting deadlines for cross motions for summary judgment based on the administrative record. The order did not provide for any discovery. It was not until May 7, 2024 that Jefferson filed its answer—five and a half months after it was due. The parties filed their cross motions for summary judgment on May 9, 2024.

In response to the plaintiff's motion to strike, the defendant attributes the delay to excusable neglect. The Supreme Court in <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u> enumerates the factors to be considered in determining what constitutes excusable neglect. 507 U.S. 380 (1993). Excusable neglect takes "all relevant circumstances" into account. <u>Id</u> at 395.

First, the court considers whether plaintiff was prejudiced by this delay. Plaintiff contends that allowing the untimely answer results in prejudice to her by "depriving her of discovery rights and her ability to prosecute her claims and defend against Jefferson's affirmative defenses." However, the parties, at the time of the Rule 16 conference, agreed that this action would be decided in the administrative record without the

need for further discovery.  Thus, there is no prejudice to plaintiff from the late filing of the answer.

Second, the length of the delay "should be considered in absolute terms and not by reference to the import of intervening circumstances."  In re Orthopedic Bone Screw Prod. Liab. Litig., 247 F.3d 244 (2d Cir. 2001) (quoting In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 130 (3d Cir. 1999).  The five-and-a-half-month delay is not insignificant.  Nonetheless, due to the posture of the action, it has not resulted in any delay.

Third, the Court must consider the judicial impact such as the need to postpone a trial and additional costs which may be incurred by both parties.  Ancherani v. City of Scranton, No. 3:14-CV-00910, 2016 U.S. Dist. LEXIS 92635 (M.D. Pa. July 18, 2016).  Nothing will need to be postponed, and no additional costs will be incurred because of the late filing of the answer.

Fourth, the Court must decide whether the delay was "caused by circumstances beyond [the movant's] reasonable control" for it to qualify as excusable neglect.  Pioneer Inv. Servs. Co., 507 U.S. 380 at 388.  An untimely filing resulting from an "honest oversight" is contained within the definition of excusable neglect.  Kimberg v. Univ. of Scranton, 411 F.App'x. 473 (3d Cir. 2010).  It is crucial to ensure the delay is "not part of a sinister, well-conceived plan to frustrate [the

opposing party]." Id. (citing Kimberg v. Univ. of Scranton, 411 F.App'x. 473). Defendants' untimely filing, as candidly stated by their attorney, was a result of his honest oversight. At the time the answer was due, he was out of the office because he was recovering from COVID-19. When he returned to the office, he neglected to follow up. There was certainly no bad faith.

Finally, the Court notes that the defendants' attorney should have filed a motion under Rule 6(b)(1)(B) to obtain court approval to docket the answer out of time. It was not proper to file the answer as defendants did, and then burden the plaintiff with filing a motion to strike. Defendants' counsel should have communicated with plaintiff's counsel beforehand to avoid motion practice if possible. While the proper procedure was not followed, it would cause unnecessary expense and a waste of judicial resources under the circumstances presented here to grant the motion to strike for procedural reasons and then to await defendants' motion under Rule 6(b)(1)(B).

Accordingly, the motion of plaintiff to strike defendants' untimely answer to the complaint is being denied.